GRIFFIN v. DAVISON LUMBER CO., Limited, et al.

(District Court, D. Massachusetts. October 22, 1914.)

No. 889.

SHIPPING ☞121—LIABILITY FOR DAMAGE TO CARGO BY DIRT—PERILS OF THE SEA—UNFITNESS OF VESSEL.

    A vessel *held* not liable for damage to a cargo of lumber from water which entered by reason of her being strained and her seams opened during a severe storm, on evidence showing her to have been seaworthy when the voyage commenced, but liable for injury to the lumber from dirt and coal dust, which was carried up from the limbers by the water which leaked in.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 225, 449–451, 466; Dec. Dig. ☞121.]

In Admiralty. Suit by Charles Griffin against the Davison Lumber Company, Limited, and others. Decree for libelant.

    George L. Dillaway, of Boston, Mass., for libelant.

    Mooers & Whiting, of Boston, Mass., for respondents.

    MORTON, District Judge. The damage to the cargo of lumber seems to have been of two kinds: (1) That caused by water; (2) that caused by coal dust and dirt, which were carried up from the limbers of the vessel by the water which leaked in. Both the charter party and the bill of lading are in common form. For the injury caused by the coal dust and dirt, the vessel is, on the authorities, clearly liable. The Lizzie W. Virden (C. C.) 11 Fed. 903, 909; Dene, etc., Co. v. Tweedie, etc., Co. (D. C.) 133 Fed. 589; Id., 143 Fed. 854, 74 C. C. A. 606; The Southwark, 191 U. S. 1, 24 Sup. Ct. 1, 48 L. Ed. 65. Whether she is also liable for the water damage depends upon whether she was tight and seaworthy when she put to sea. She was 40 years old, but she had been thoroughly rebuilt less than a year before, and reclassified A 1½ for 4 years. Her master and steward testify that she was all right. The only evidence to the contrary is such as can be inferred from the fact that in a severe, although not extraordinary, gale, during which she shipped a heavy sea which damaged her forward, she was so strained as to open her seams, and leaked so fast that the hand pumps were unable to keep the water down. The seas were unusually bad, and the vessel was forced to carry sail. The uncontradicted evidence is that under such conditions seaworthy wooden vessels are likely to leak. Some of the leakage may be attributable to the strain caused by the sea which came aboard. While the question is close, and the burden of proving compliance with the warranty is on the vessel (The British King [D. C.] 89 Fed. 872), it does not seem to me that the warranty that the vessel was tight and seaworthy at the beginning of the voyage was broken (The British King, supra). The injury to the cargo caused by the leakage of water alone is attributable to perils of the sea for which the vessel is not responsible.

    As to the damages, the evidence of the charterer is that all the underdeck load, about 199,000 feet, was damaged $4 or $5 per thousand, of which about $1.50 is attributed to water damage and the balance to

coal dust. The evidence of the stevedore and of the master and steward of the vessel is that not all the lumber was water-soaked, and that only a small portion of it was injured by coal dust. The vessel had four or five feet of water in her hold, and was in a heavy sea for several days. It seems likely that coal dust and stains would injure the lumber near the bottom, and around the edges, and on the exposed surfaces, but not that the whole cargo would be so seriously affected by it as the respondent contends. The weight of the evidence seems to be to that effect. I find that $300 is a fair allowance to the consignee for the damage which the cargo sustained from the coal dust.

As to the claim by the vessel for demurrage: Upon this cargo, taken as a whole, I think that the customary rate of discharge would be 25,000 feet per day. The vessel is therefore entitled to demurrage for 1½ days at $32.04 per day. There is no dispute as to the amount of freight due, $644.03. This, added to the demurrage, amounts to $692.-09. Deducting the amount above allowed for the damage to the cargo, the libelant is entitled to a decree for the difference, $392.09, with interest and costs.